ZAIDA C. BURDETT, PROSECUTOR, v. MUNICIPAL EMPLOYEES PENSION COMMISSION OF THE CITY OF NEWARK, NEW JERSEY, DEFENDANTS.

Submitted January 20, 1942—Decided February 3, 1942.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Charles S. Smith.*

For the defendant, *Raymond Schroeder* and *Thomas M. Kane.*

BODINE, J. The writ of *certiorari* was allowed to review the refusal of a pension to Zaida C. Burdett by the Municipal Employees Pension Commission of Newark. Mrs. Burdett is the widow of Oliver B. Burdett, who died August 28th, 1941. The couple were married August 3d, 1922. At the time of their marriage, Mr. Burdett was more than fifty-five years of age. He retired on pension September 1st, 1933. He had been a clerk surveyor in the Department of Assessments for Local Improvements.

The pension is controlled by act of the legislature, *N. J. S. A.* 43:13-2. The controlling part of *N. J. S. A.* 43:13-4 is as follows: "No pension shall be paid to a widow * * * if she * * * was married to her * * * deceased spouse after the date of * * * his retirement or after * * * he shall have reached fifty-five years of age."

The prosecutor's brief states the problem as follows: "The only issue here is whether a widow, otherwise eligible, who,

in 1922, five years before the law was passed, married a husband more than fifty-five years old, is barred by that law." The city employee after his retirement paid the full amount of his annual pension assessments.

The Pension Act, under which claim is made, was first adopted *Pamph. L.* 1927, *ch.* 190. The original act provided as follows: "* * * that no pension shall be paid to any widow * * * if * * * she was married to her deceased husband * * * after the date of his * * * retirement and *hereafter* before he * * * shall have arrived at the age of fifty-five years."

In *Pamph. L.* 1932, *ch.* 12, the language was changed as follows: "* * * and provided, further, that no pension shall be paid to any widow * * * if * * * she was married to her deceased husband * * * after the date of his * * * retirement and hereafter after he * * * shall have arrived at the age of fifty-five years."

*N. J. S. A.* 43:13-4 changed the language as follows: "* * * No pension shall be paid to a widow * * * if she * * * was married to her * * * deceased spouse after the date of * * * his retirement or after * * * he shall have reached fifty-five years of age."

The prosecutor argues that the word "hereafter" in the 1927 enactment was prospective and did not apply to a marriage long before the enactment. The disqualification to marriages of those of fifty-five years of age and over applied to those remarrying after the enactment. The enactment, stripped of unnecessary language, is "if married to her husband after he shall have reached fifty-five years of age." The 1927 act was definitely prospective in meaning. The 1932 enactment conveyed the same meaning. The revisers apparently intended to reach a different result when they used the words "shall have reached" and omitted "hereafter." Of course, if one says "when X shall have reached home" it applies to a future event. But the words as used in the statute clearly had no such purpose.

In the Police and Fire Pension Act reviewed in *Bennett* v. *Lee,* 104 *N. J. L.* 453, the provision was as follows: "provided, however, that she was married to her said deceased

husband before * * * he arrived at the age of fifty years." Clearly, the widow who was married before the officer's retirement and after he was fifty years of age did not qualify.

The provision *N. J. S. A.* 43:13-4 expressed, perhaps ungrammatically but definitely nonetheless when read in the whole context, the meaning that the widows of those who were married after retirement or after the employee had reached fifty-five years of age should be excluded.

Since Mrs. Burdett was married after Mr. Burdett had reached the age of fifty-five years, she was not entitled to a pension. The deduction made from his salary enlarged no right. *Bennett* v. *Lee, supra.*

The writ will be dismissed, but without costs.